716 F.2d 177
 INMATES OF the ALLEGHENY COUNTY JAIL; Thomas Price Bey,
Arthur Coslee, Harry Smith, Robert Malone, and
Calvin Milligan on their own behalf and
on behalf of all others
similarly situated
v.
Robert PIERCE, Chairman, Allegheny County Board of Prison
Inspectors and all other members of the Board; James
Jennings, Warden of the Allegheny County Jail; James
Flaherty, Robert Pierce and Thomas Foerster, Commissioners
for Allegheny County; John P. Lynch, Controller for
Allegheny County; Eugene Coon, Sheriff for Allegheny
County; the Honorable Henry Ellenbogen, the Honorable John
W. O'Brien, the Honorable Samuel Strauss, and the Honorable
Patrick R. Tamilia, Judges of Court of Common Pleas of
Allegheny County; and Peter Flaherty, Mayor of the City of
Pittsburgh.
Appeal of Robert PIERCE, Chairman, Allegheny County Board of
Prison Inspectors, and all other members of the Board;
James Jennings, Warden, Allegheny County Jail; and James
Flaherty, Robert Pierce and Thomas Foerster, Commissioners
for Allegheny County.
 No. 82-5641.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 8, 1983.
Decided Aug. 29, 1983.
 
 James H. McLean, County Sol., Dennis R. Biondo, Asst. County Sol. (argued), Allegheny County Law Dept., Pittsburgh, Pa., for appellants.
 Thomas J. Henderson, Daniel L. Haller, Timothy P. O'Brien (argued), Neighborhood Legal Services Ass'n, Pittsburgh, Pa., for appellees.
 Before ALDISERT and WEIS, Circuit Judges, and RE, Chief Judge.*OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 Appellees successfully prosecuted a federal civil rights action and were subsequently awarded an attorney's fee. Title 42 U.S.C. Sec. 1988 provides that, in such cases, the district court may, "in its discretion," allow the prevailing party such an award. The principal question presented on appeal is whether the district court, in exercising its discretion, must take into account the extent to which the prevailing party succeeded on the merits when it determines what constitutes a reasonable award. Because the court below did not do this, and because the recent opinion from the United States Supreme Court in Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) makes this mandatory, we must vacate and remand for further consideration. In so doing we note that Hensley was announced after the filing of the district court opinion in the instant case so that the court below did not have the benefit of the Supreme Court's latest teachings.
 
 I.
 
 2
 The present attorney's fee request follows extensive litigation concerning conditions at the Allegheny County Jail in Pittsburgh, Pennsylvania. The suit began in 1976 when Neighborhood Legal Services (NLS), a publicly funded legal service organization, filed a class action on behalf of inmates in the jail alleging that various elements of their treatment violated their constitutional rights. Constitutional violations were claimed relative to the living conditions, use of restraints, adequacy of medical treatment, access to legal materials, use of disciplinary segregation, censorship of mail, use of telephones, and restrictions on visitations. Following an initial trial, an appeal to this court (Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir.1979)), and a hearing upon remand, the district court ruled in plaintiffs' favor on most, but not all, of the constitutional claims.
 
 
 3
 Five months following the trial and six months following the hearing, NLS applied for attorneys' fees under Sec. 1988. Submitting detailed documentation, NLS successfully requested payment for 1,083 hours on the main proceedings and 196 hours for the hearing on remand, each at a rate of $50.00 per hour, for a total award of $63,950. Defendants appeal, arguing alternatively that the award should either be eliminated or reduced because: (1) the applications were untimely, (2) the case contained several "special circumstances," and (3) the district court failed to take into account the limited extent to which plaintiffs succeeded on the merits.
 
 II.
 
 4
 Absent a local rule establishing a time limit, the timeliness of an application for attorney's fees is a matter for the district court's discretion. White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). An application should be denied as untimely if the lateness of its filing causes unfair surprise or prejudice to the defendant. Id. at 454, 102 S.Ct. at 1167. The fee application in White was made about four months following the district court's final judgment and, on remand from the Supreme Court, was deemed timely. White v. New Hampshire Department of Employment Security, 679 F.2d 283 (1st Cir.1982). In the case at bar, the district court, relying on the teachings of White, found that "[t]he defendants here have asserted no unfair surprise or prejudice" and ruled the applications timely. Inmates of Allegheny County Jail v. Pierce, No. 76-743, slip op. at 5 (W.D.Pa.1982), reprinted in app. at 218A. Upon reviewing the record, we find no abuse of discretion in the trial court's ruling. We now address appellants' substantive objections to the award of fees.
 
 III.
 
 5
 Appellants' contend that the district court erred in not reducing or denying the fee award because of the "special circumstances" of this case, to-wit that: NLS is publicly funded, the award would amount to a windfall to NLS, and the award would be paid by Allegheny County which has already incurred substantial costs from this litigation. We have recognized that "special circumstances" may be taken into account to reduce an otherwise reasonable attorney's fee award under Sec. 1988. Staten v. Housing Authority of the City of Pittsburgh, 638 F.2d 599 (3d Cir.1980). After carefully considering appellants' arguments, we conclude that the district court did not err in refusing to recognize the asserted "special circumstances."
 
 
 6
 First, awards under Sec. 1988 are available to publicly funded legal service organizations, Rodriguez v. Taylor, 569 F.2d 1231 (3d Cir.1977), and representation by a publicly funded agency is not a "special circumstance." Brown v. Stanton, 617 F.2d 1224 (7th Cir.1980). Although a district court may, in its discretion, reduce an award because the prevailing party's attorneys were publicly funded, "such a reduction is not mandatory and [should not] be routinely done ...." Gagne v. Maher, 594 F.2d 336, 345 (2d Cir.1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Second, although the statute seeks to prevent "windfalls" its concern is limited to clients and does not extend to attorneys, either public or private. Rodriguez v. Taylor. Moreover, much of the concern over a possible windfall to the attorney for the prevailing party may be met in determining the reasonableness of the fee. Finally, the losing party's financial ability to pay is not a "special circumstance," Entertainment Concepts, Inc. III v. Maciejewski, 631 F.2d 497 (7th Cir.1980), cert. denied, 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981), whether that party is a public or a private agency, Sharrock v. Harris, 489 F.Supp. 913 (S.D.N.Y.1980).
 
 
 7
 Accordingly, we hold that there was no abuse of discretion in requiring Allegheny County, a publicly funded governmental instrumentality, to pay an attorney's fee to NLS, a publicly funded legal service organization. We now turn to the pivotal issue presented by the appeal, whether the district court sufficiently considered the extent to which the plaintiff succeeded on the merits when it determined the amount of the fee award.
 
 IV.
 
 8
 In Hensley v. Eckerhart, respondents challenged the constitutionality of treatment and conditions at the forensic unit of a Missouri state mental hospital. They succeeded on most, but not all of their claims. In awarding attorney's fees, the district court first determined that respondents were prevailing parties under Sec. 1988. It then refused to reduce the award to compensate for hours spent on unsuccessful claims because the method suggested by petitioner amounted to a mathematical reduction formula.
 
 
 9
 While the Supreme Court agreed that use of a mathematical formula to effect a reduction in a fee award to reflect unsuccessful claims was improper, --- U.S. at ---- n. 11, 103 S.Ct. at 1940, it held that some consideration of the extent of plaintiff's success on the merits must be made. Id. at ----, 103 S.Ct. at 1941. The requisite consideration is beyond that necessary to determine if plaintiff was sufficiently successful to qualify as a prevailing party and requires an evaluation of the interrelationships between plaintiff's successful and unsuccessful claims. To help guide this evaluation, the Court announced the following standards:
 
 
 10
 Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.
 
 
 11
 Id.
 
 
 12
 This court has held that the extent of the fee-petitioner's success on the merits is of importance in determining the amount of a fee award. Hughes v. Repko, 578 F.2d 483 (3d Cir.1978). The concern in Hughes, however, was in determining whether a party who succeeded on some, but not all, of his asserted claims could be considered a prevailing party for purposes of a fee award. We held that partial success on the merits did not prevent someone from becoming a prevailing party, but that "the fee-petitioner could not be treated as a prevailing party to the extent he has been unsuccessful in asserting a claim." Id. at 487. We went on to say that the lodestar (the reasonable hours spent multiplied by a reasonably hourly fee, see Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp., 540 F.2d 102 (3d Cir.1976) (in banc)) was to be determined based on the hours reasonably "devoted to the successful claims." Id.
 
 
 13
 Thus, while Hughes recognizes that the fee award must bear some relationship to the extent of the petitioner's success on the merits, it tends to result in a mechanical application, excluding all hours attributable to unsuccessful claims. Further, by its terms it does not require an investigation into the interrelatedness among the successful and unsuccessful claims when determining the reasonableness of an award. See Walker v. Robbins Hose Company No. 1, 622 F.2d 692 (3d Cir.1980) and Ross v. Horn, 598 F.2d 1312 (3d Cir.1979), cert. denied, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980). Cf. Goldhaber v. Foley, 698 F.2d 193 (3d Cir.1983) and Baughman v. Wilson Freight, 583 F.2d 1208 (3d Cir.1978). To the extent that Hughes is authority for either of these results, Hensley represents a modification thereof.
 
 
 14
 In the instant case, as in Hensley, appellees succeeded in most, but not all, of their constitutional challenges to the treatment and conditions at a county jail. In awarding attorney's fees the district court first determined that "the inmates, through NLS, 'essentially succeeded' in their basic claim, which was to ameliorate intolerable conditions [at the jail, and found] that NLS represented the 'prevailing party'...." No. 76-743, slip op. at 7-8, reprinted in app. at 220A-221A. The court then determined that because "the claims on which the inmates did not prevail were not 'clearly without merit' [and because t]hey were not easy questions for the Court to decide and were overlapping and intertwined with the issues on which they did prevail ... no reduction in the allowance of a fee should be made...." Id. at 8, reprinted in app. at 221A.
 
 
 15
 Like the Court in Hensley, we conclude that even though the district court's findings "represent a commendable effort to explain the fee award" and even though the "award may be consistent with our holding today," we are "unable to affirm the decision[ ] below ... because the District Court's opinion did not properly consider the relationship between the extent of success and the amount of the fee award." --- U.S. at ----, 103 S.Ct. at 1942. Accordingly, these proceedings must be remanded so that the district court may reexamine the proper amount of the award in light of the extent of appellees' success on the merits. In ordering a remand, we emphasize, however, that because we do not meet the substance of the district court's award, our remand must not be construed as any indication that we consider the court's fee award excessive. We remand solely because the Supreme Court has now set forth specific standards that must be respected by the court setting the fee.
 
 V.
 
 16
 The judgment of the district court will be vacated and the cause remanded for further proceedings consistent with the foregoing.
 
 
 
 *
 Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation