NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, FREDERICK COUNTY CHAPTER, an Unincorporated Association, et al.

v.

Michael C. THOMPSON, Zoning Administrator of Frederick County, Maryland Winchester Hall.

Civ. No. K–85–3512.

United States District Court, D. Maryland.

Jan. 31, 1987.

Willie J. Mahone, Frederick, Md., Patricia E. Butler, and Michael A. Millemann, Baltimore, Md., for plaintiffs.

Lawrence E. Speelman, Co. Atty., and Joseph E. Emerson, Deputy Co. Atty., Frederick, Md., for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

On October 6, 1986, this Court filed an opinion and an Order granting to plaintiffs the relief sought by them in their final amended complaint. *National Association for the Advancement of Colored People v. Thompson*, 648 F.Supp. 195 (D.Md.1986).

Subsequently, plaintiffs' counsel have filed an application for attorneys' fees pursuant to 42 U.S.C. § 1988 seeking a total of $14,292.50 for such fees. Plaintiffs were represented by two attorneys in the within action. One of them, Michael Millemann, an associate professor at the University of Maryland School of Law, seeks compensation for 80 hours of work at $125.00 per hour for a total of $10,000.[1] The other attorney, Willie Mahone, a private practitioner, seeks compensation for 50.5 hours of work at $85.00 per hour for a total of $4,292.50.[2]

 The legislative history of section 1988 states that the prevailing party in a suit to enforce the civil rights statutes " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " S.Rep. 1011,

---

1. Professor Millemann has stated that any fees awarded to him by this Court will be given to the University of Maryland Law School Clinic.

2. In their application, plaintiffs' counsel have requested a total of $14,929.50 rather than $14,-292.50. Given plaintiffs' counsel's statement as to the hours worked and the hourly rates, the former figure, as counsel for defendant has seemingly suggested, appears to be an inadvertent error.

94th Cong., 2d Sess. 4 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912, *quoting Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). " '[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), *quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978) (footnote omitted). *See also Vaughns v. Board of Education of Prince George's County*, 598 F.Supp. 1262, 1268 (D.Md.1984), *aff'd* 770 F.2d 1244 (4th Cir.1985). In defendant's answer to plaintiffs' application for fees, defendant apparently does not contest that plaintiffs have prevailed herein. Nor could defendant, in this Court's view, contest the same with any merit at all. However, defendant does assert that "[i]n the longer run, the County will have no alternative but to repeal the Ordinance" and, thus, "[p]laintiffs will only prevail in the short run." [3] Whether or not the fact that the victory of plaintiffs in a case of this kind ultimately proves to be pyrrhic can ever be a relevant consideration in the granting of a fee petition, that type of contention cannot succeed herein since the relief which plaintiffs sought in their final amended complaint was for this Court to enjoin the Zoning Administrator of Frederick County from issuing permits for public rallies on private property to groups which exclude from their audiences persons based on their race—plaintiffs did not seek to enjoin any group, regardless of its views and tenets, from holding rallies on private property open to all persons regardless of race. It was the state and county governmental involvement in the racially exclusionary practices of the Klan to which plaintiffs objected and which caused this Court to grant relief.

A prevailing party is only entitled to a "reasonable" fee. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley, supra*, 461 U.S. at 433, 103 S.Ct. at 1939. *See also Vaughns, supra*, at 1268 *et seq.* Commendably, defendant seemingly does not object to either the number of hours or the hourly rates charged by plaintiffs' counsel. In fact, both the rates charged and the hours worked by plaintiffs' counsel appear quite reasonable.[4]

Defendant does, however, urge this Court to exercise its discretion to reduce the amount of the fee award. In *Hensley* the Supreme Court noted that the district court may consider other factors which lead the court "to adjust the fee upward or downward." *Id.* 461 U.S. at 434, 103 S.Ct.

---

**3.** *See* p. 3 of that Answer, filed herein on November 10, 1986. Defendant has also stated in that same document (at p. 4 thereof):

The County pointed out and the Court agreed that the County presently has no authority to issue zoning permits based on racial distinctions, although the Court observed in part: "The State of Maryland seemingly could, if it desired, grant the necessary power." But the Zoning Administrator has to deal with what is, not what possibly could be.

This Court did, in its said October 6, 1986 opinion (at p. 203) note the County's said position. But this Court indicated neither agreement nor disagreement. Additionally (at p. 203 in its opinion), this Court discussed the lack of any federal constitutional impediment which prevents the County from issuing the type of zoning permit specifically permitted by this Court's said October 6, 1986 Order. Defendant has not cited any authority for its conclusorily stated view of lack of authority under state law on the part of the County so to do if the County desires.

**4.** Professor Millemann seeks compensation for 80 hours worked while Mr. Mahone requests compensation for 50.5 hours worked. Plaintiffs' counsel filed numerous pleadings, motions and legal memoranda, and also appeared in person at several hearings. The time expended by them was reasonable. The hourly rates suggested by counsel are appropriate. Professor Millemann requests $125.00 per hour. Professor Millemann is an experienced civil rights attorney who has appeared in many such cases before this Court as well as the United States Court of Appeals for the Fourth Circuit. Mr. Mahone requests $85.00 per hour. Mr. Mahone also has extensive experience in the area of civil rights law.

at 1940. The defendant notes several factors which it suggests warrant a reduction in counsel's requested fees. First, the substituted defendant, Michael C. Thompson,[5] asserts that he did not establish or approve of the Klan's exclusionary policies and practices, and that no other Maryland or Frederick County government official did so. In essence, defendant's said argument merely asserts that the defendant acted in good faith. "[T]he defendant's conduct, be it negligent or intentional, in good faith or bad, is irrelevant to an award of attorneys' fees" sought pursuant to 42 U.S.C. § 1988. *Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir.1977). As Judge Ainsworth observed in *Brown,* "the 'broad' purpose of the counsel fees provision is 'to encourage individuals injured by racial discrimination to seek judicial relief.'" *Id.,* quoting *Newman v. Piggie Park Enterprises,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *See also In re Kansas Congressional Districts Reapportionment Cases,* 745 F.2d 610, 613 (10th Cir.1984). Accordingly, whether or not defendant acted in good faith herein is not controlling in connection with the fee issue.

Defendant also apparently suggests that the fee award sought by plaintiffs should be reduced since the University of Maryland Legal Clinic, supported at least in part by taxpayers, will be the recipient of Professor Millemann's share of the fees award.[6] That suggestion is hereby rejected. However, "awards under § 1988 are available to publicly funded legal service organizations; representation by a publicly funded agency is not a 'special circumstance' which warrants a denial of attorneys' fees. Although a district court may, in its discretion, reduce an award because the prevailing party's attorneys

were publicly funded, 'such a reduction is not mandatory and [should not] be routinely done....'" *Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177, 180 (3rd Cir.1983) (Aldisert, J.) (citations omitted). *See also Morrison v. Ayoob,* 627 F.2d 669, 673 (3d Cir.1980) (per curiam), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981) (rejecting argument that a neighborhood legal services office is not entitled to an award of attorneys' fees under section 1988 because said office is publicly funded); *Loney v. Scurr,* 494 F.Supp. 928, 929–31 (S.D.Iowa 1980) (upholding award of fees pursuant to section 1988 to a law professor at a state university where such fees would be paid to a fund maintained by a legal clinic at the law school of said university).

Finally, defendant Thompson asserts that his ability, as an individual, to pay should be taken into consideration by this Court.[7] To begin with, as the Seventh Circuit has stated, this Court is of the view that "ability to pay is not a 'special circumstance'" warranting a reduction or denial or attorneys' fees. *Entertainment Concepts, Inc., III v. Maciejewski,* 631 F.2d 497, 507 (7th Cir.1980), *cert. denied* 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981). However, even if "capacity of defendants to pay fees is a factor that should be weighed, irrespective of whether the defendant is public or private ... financial condition—ability to pay—should only be given substantial weight in cases of real or extreme hardship." *Vulcan Society of Westchester County, Inc. v. Fire Department of the City of White Plains,* 533 F.Supp. 1054, 1060 (S.D.N.Y.1982). Defendant Thompson states: "There is no law or requirement that the county pay attor-

---

**5.** Defendant Thompson was substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d) when he succeeded defendant Frederick J. Lowndes as Zoning Administrator of Frederick County. Such substitution occurred well after the within case was underway.

**6.** *See* n. 1, *supra.* It is to be noted that no claim has been made herein for work performed by students attending the University of Maryland Law School who assisted plaintiffs' counsel, although such a claim could seemingly have been

meritoriously asserted. In that regard, *see United Nuclear Corp. v. Cannon,* 564 F.Supp. 581, 589 (D.R.I.1983); *Berman. v. Schweiker,* 531 F.Supp. 1149, 1154 (N.D.Ill.1982); *Bolden v. Pennsylvania State Police,* 491 F.Supp. 958, 965 (E.D.Pa.1980). *Contra Scheriff v. Beck,* 452 F.Supp. 1254, 1261 (D.Colo.1978).

**7.** Defendant Thompson states that he is married and has two children and receives a salary of $32,000 per year.

neys' fees for Mr. Thompson." [8] Even if that be so, in this case, the fee petition which this Court grants herein will be assessed against the County itself, not against Mr. Thompson as an individual. In *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), in which conditions of confinement in the Arkansas prison system were held to constitute cruel and unusual punishment in violation of the eighth and fourteenth amendments, Justice Stevens, writing for the majority, upheld a fee award which required the Department of Corrections of the State of Arkansas to pay plaintiffs' attorneys' fees even though the Department itself was not named as a defendant. *Id.* at 692, 699, 98 S.Ct. at 2574, 2578. In *Hutto,* Justice Stevens stressed the unfairness of requiring an individual officer who had no personal interest in the conduct of the litigation and who had been represented by government attorneys to bear the cost of an attorneys' fee award. *Id.* at 692 n. 13 and 699 n. 32, 98 S.Ct. at 2573 n. 13 and 2578 n. 32. In *Hutto,* Justice Stevens noted that imposition of such a burden upon such an individual officer might have the deleterious effect of causing government officials to " 'exercise their discretion with undue timidity.' " *Id.* at 699 n. 32, 98 S.Ct. at 2578 n. 32 *quoting Wood v. Strickland,* 420 U.S. 308, 321, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). Since he became a party to the within litigation, Mr. Thompson has seemingly been largely the nominal defendant.[9] At all times since the inception of the within litigation, the entire conduct of the defense has been in the hands of two attorneys, the County Attorney and the Deputy County Attorney of Frederick County. In fact, Frederick County would appear to be the real party in interest herein and, therefore, should, in fairness, be required by this Court to pay the award of the attorneys' fees to which plaintiffs' counsel are entitled.[10]

Accordingly, this Court hereby grants plaintiffs' counsel's request for attorneys' fees and hereby ORDERS Frederick County, Maryland to pay to Michael Millemann, Esq. the sum of $10,000.00 and to Willie J. Mahone, Esq. the sum of $4,292.50.

The Clerk is directed to mail copies of this Memorandum and Order to counsel of record in the within case.

---

**8.** Defendant's Answer filed November 10, 1986, p. 2.

**9.** *See* n. 5, *supra.*

**10.** In *Morrison v. Ayoob, supra,* at 673, the Third Circuit wrote:
[D]efendants argue that there are insufficient funds to meet the amount of fees involved. The district court apparently accepted this argument because it stated that the budgets of the individual defendants' offices were insufficient to satisfy any award. Implicit in this statement is the premise that the award could be satisfied only from the individual budget of the office of each defendant.
Such, however, is not the case. "[W]hether or not state agencies are named as defendants in a § 1983 action, [§ 1988] contemplates that the prevailing plaintiff may recover fees from the individual defendants in their official capacities or directly from the state agencies." *Skehan v. Board of Trustees of Bloomsburg State College,* 590 F.2d 470, 496 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). *See Hutto, supra,* 437 U.S. 699–700, 98 S.Ct. at 2578.
Here, as in *Hutto* and *Skehan,* there are several possibilities as to how the award could be framed. For example, both the county and the state court administrator arguably could be responsible for the award. Both entered appearances in the district court and actively participated in all phases of the case, factors found to be relevant in *Hutto* in framing an award. *See* 437 U.S. at 699, 98 S.Ct. at 2578.