**The SOCIETY OF PROFESSIONAL JOURNALISTS, HEADLINERS CHAPTER, Plaintiff,**

v.

**Gene BRIGGS, Laray Sadlier, Elbert Steinaker, Jr. and Duane Lamb, Dennis Judd, Daggett County, Lloyd Winward, Marie C. Beckstead, Defendants.**

Civ. No. 87–C–0714G.

United States District Court, D. Utah, C.D.

June 22, 1988.

D. Miles Holman and Michael P. O'Brien, Salt Lake City, Utah, for plaintiff.

Todd S. Richardson, Salt Lake City, Utah, for other defendants.

Kathryn Collard, Salt Lake City, Utah, for Marie C. Beckstead.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on for hearing on March 31, 1988, on plaintiff's motion to tax attorney fees and costs. Plaintiff was represented by D. Miles Holman and Michael P. O'Brien and defendants, except Marie Beckstead and Lloyd Winward, were represented by Todd S. Richardson. Defendant Marie Beckstead was represented by Kathryn Collard. Plaintiff and defendants submitted memoranda of law and affidavits. Oral arguments were heard after which the matter was taken under advisement. The court now being fully advised enters its Memorandum Decision and Order.

## FACTUAL BACKGROUND

Plaintiff brought suit under 42 U.S.C. § 1983 to enjoin defendants from refusing to disclose the terms of a confidential settlement agreement which had been entered into by defendants in a prior proceeding in this court.[1] In a Memorandum Decision and Order in this case, this court granted plaintiff's motion for summary judgment, and denied defendants' motions to dismiss.[2] Defendants concede that plaintiff is a prevailing party for purposes of 42 U.S.C. § 1988, but claim that special circumstances exist which would render an award for attorney fees unjust.[3]

---

1. *Beckstead v. Briggs,* No. C87–23G (D. Utah Aug. 17, 1987) (order of voluntary dismissal following settlement).

2. *Soc'y of Professional Journalists v. Briggs,* 675 F.Supp. 1308 (D.Utah 1987).

3. The parties agree that defendant Marie Beckstead would not be personally liable for attorney fees. *See Hutto v. Finney,* 437 U.S. 678, 700, 98 S.Ct. 2565, 2578–79, 57 L.Ed.2d 522 (1978).

## LEGAL ANALYSIS

### 1. *General Rule: Prevailing Party Entitled to an Award of Attorney's Fees*

The Civil Rights Attorney's Fees Awards Act of 1976, provides in part that in an action to enforce civil rights "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[4] The Congressional purpose in providing counsel fees was to encourage the vindication of civil rights by private enforcement.[5] Such enforcement can best be achieved by encouraging the public to act as private attorneys general.[6] As a result, controlling judicial precedent is to the effect that ordinarily a plaintiff who is a prevailing party in a civil rights action is entitled to attorneys fees under 42 U.S.C. § 1988 unless special circumstances would render such an award unjust.[7]

### 2. *Exception: Special Circumstances Which Would Render Fee Award Unjust*

 The district court's discretion in denying attorney's fees to prevailing parties in civil rights actions is quite narrow.[8] The inquiry into the existence of "special circumstances" should be pragmatic and focus on "the justice under the total range of circumstances of conferring the benefit and imposing the concomitant burden represented by the fee award." *Bonnes*, 599 F.2d at 1319. Such things as defendant's good faith, private benefit to plaintiff rather than public benefit to a class, simple or routine character of the litigation, and mere uncertainty in the law in and of themselves do not constitute "special circumstances" which would wholly defeat a fee award.[9] Further, neither the prevailing

---

**4.** 42 U.S.C. § 1988. *See generally Hewitt v. Helms,* —— U.S. ——, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). *See also Cooper v. State of Utah,* 684 F.Supp. 1060, 1071 (D.Utah 1987); *Foremaster v. City of St. George,* 687 F.Supp. 548, 549 (D.Utah 1987). The fee determination is left to the court's discretion due to the court's "understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hibma v. Odegaard,* 769 F.2d 1147, 1157 (7th Cir.1985) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

**5.** In *Alyeska Pipeline Service Co. v. Wilderness Soc'y,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Court had determined that it would be inappropriate for the judiciary to create an exception to the American rule that in the absence of statutory authority the prevailing party may not recover attorney's fees. Attorney's fees therefore were denied under the "private attorney general" theory. *Id.* Congress acted to bridge this "anomalous gap" by providing for the award of attorney's fees in the court's discretion in civil rights cases. *See* S.Rep. No. 1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5910. *See also Joseph L. v. Office of Judicial Support,* 638 F.Supp. 833, 835 (E.D.Pa.1986), *aff'd on other grounds sub nom. Tunstall v. Office of Judicial Support,* 820 F.2d 631 (3rd Cir.1987).

**6.** *Riddell v. Nat'l Democratic Party,* 624 F.2d 539, 543 (5th Cir.1980), *on remand,* 545 F.Supp.

252 (S.D.Miss.1982), *aff'd in part and rev'd in part on other grounds,* 712 F.2d 165 (1983); *Bonnes v. Long,* 599 F.2d 1316, 1318 (4th Cir. 1979), *rev'd on other grounds on appeal after remand,* 651 F.2d 214 (4th Cir.1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); *see also Lampher v. Zagel,* 755 F.2d 99, 105 (7th Cir.1985); *Zarcone v. Perry,* 581 F.2d 1039, 1041–42 (2nd Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979).

**7.** *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (citing *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)); *Wilson v. Stoker,* 819 F.2d 943, 951 (10th Cir.1987); *Corbitt v. Andersen,* 778 F.2d 1471, 1475 (10th Cir.1985); *see also* S.Rep. No. 1011, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5908, 5912.

**8.** *Wilson v. Stoker,* 819 F.2d at 951 (10th Cir. 1987); *J. & J. Anderson, Inc. v. Town of Erie,* 767 F.2d 1469, 1474 (10th Cir.1985); *Chicano Police Officers Ass'n v. Stover,* 624 F.2d 127, 130 (10th Cir.1980). *See also Martin v. Heckler,* 773 F.2d 1145, 1150 (11th Cir.1985) (the judicially imposed "special circumstance" exception should be narrowly construed to comport with the congressional purpose of § 1988).

**9.** *J. & J. Anderson, Inc.,* 767 F.2d at 1474 [citations omitted].

party's ability to pay attorney fees,[10] nor the losing party's financial ability, or inability, to pay fees,[11] are special circumstances which would render an award unjust.

Instances in which special circumstances were found to justify denial of a fee award include outrageous conduct on the part of plaintiff,[12] and situations in which a defendant is powerless to provide the remedy sought by plaintiff.[13] Other instances where counsel fees were denied include circumstances wherein plaintiff's claims were clothed as § 1983 actions but clearly were state law claims,[14] and where plaintiffs, with the barest standing, attacked an antiquated rarely-enforced curfew statute without prior attempts to remedy the grievance without litigation.[15]

■ In this case there was not simply a "mere" uncertainty in the law [16] in regards to settlement agreements. To the contrary, this case had to do with a well established and clearcut general policy of the law which encourages dispute resolution by settlement.[17] Under general contract principles, parties ordinarily are wholly free to establish settlement terms, including a confidentiality requirement.[18] Also, at the time plaintiff filed this action, the law regarding settlement agreements entered into by public entities as constituting public

**10.** *Jones v. Wilkinson,* 800 F.2d 989, 991 (10th Cir.1986), *aff'd,* — U.S. —, 107 S.Ct. 1559, 94 L.Ed.2d 753 (1987).

**11.** *Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177, 180 (3rd Cir.1983).

**12.** *Scheriff v. Beck,* 452 F.Supp. 1254, 1260 (D.Colo.1978) (Plaintiff's claim "was precipitated by an irrational, deliberate scheme to involve [defendant] in some type of litigation.")

**13.** *Chastang v. Flynn & Emrich Co.,* 541 F.2d 1040, 1045 (4th Cir.1976) (cited with approval in *Staten v. Housing Authority of Pittsburgh,* 638 F.2d 599, 605 n. 13 (3rd Cir.1980)). Retired male employees brought suit against the Company alleging sex discrimination in the retirement plan which gave male retirees a smaller share in the Company's retirement fund than similarly situated female retirees. The district court awarded damages to the plaintiffs but declined to award attorney's fees. The court of appeals affirmed the district court's denial of counsel fees. The appeals court reasoned that the plan was established at a time when such discrimination was legal and once established "the Company did not retain an unrestricted right to amend the plan." *Id.* The court also noted that the Company acted in good faith, had no economic incentive to violate Title VII, and the fee award would penalize persons who had no part in its violation. *Id. See also Joseph L.,* 638 F.Supp. at 836 (special circumstances warranting denial of counsel fees found where the defendant, a tax sale purchaser, was powerless to prevent whatever constitutional violation was caused by the defendant county's tax sale act and the defendant acted in good faith in contrast to plaintiff's actions which created the opportunity for the constitutional deprivation). *Id.* at 836–37.

**14.** *Martin v. Hancock,* 466 F.Supp. 454 (D.Minn. 1979) (negligent dog bite case); *see also Russo v. New York,* 672 F.2d 1014, 1023 (2nd Cir.1982) (malicious prosecution action); *Buxton v. Patel,* 595 F.2d 1182, 1184–85 (9th Cir.1979) (upholding denial of fees award in damages action involving lease of real property); *Zacone,* 581 F.2d at 1042–45 (upholding denial of fees award in damages action for insults suffered from state judge). The case at bar is somewhat analogous to these cases in that this court previously observed that "an action in state court would lie." *Soc'y of Professional Journalists,* 675 F.Supp. at 1311.

**15.** *Naprstek v. City of Norwich,* 433 F.Supp. 1369, 1371 (N.D.N.Y.1977).

**16.** *See J. & J. Anderson,* 767 F.2d at 1474 (citing *Northcross v. Bd. of Educ. of Memphis City Schools,* 611 F.2d 624, 634 (6th Cir.1980), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (wherein the appeals court "rejected the notion that *mere uncertainty* in the law" created a "special circumstance" inasmuch as the major purpose of the fees act "was to encourage the bringing of suits in new and undeveloped areas of *civil rights* law") (emphasis added)).

**17.** *See generally Ho v. Martin Marietta Corp.,* 845 F.2d 545 (5th Cir.1988); *S. Natural Gas Co. and S. Energy Co. v. Fed. Energy Regulatory Comm'n,* 813 F.2d 364, 370 (11th Cir.1987); 15A Am.Jur.2d, *Compromise and Settlement,* Sec. 5. The policy favoring settlements is also noted in Fed.R.Evid. 408 which was specifically "designed to encourage the compromise and settlement of existing disputes." *Cassino v. Reichhold Chemicals, Inc.,* 817 F.2d 1338, 1343 (9th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 785, 98 L.Ed.2d 870 (1988) (citing *United States v. Contra Costa County Water Dist.,* 678 F.2d 90, 92 (9th Cir.1982)). *See also* Fed.R.Evid. 408 advisory committee note; Weinstein & Berger, *Weinstein's Evidence* § 408[1] (1981), and Wright & Graham, *Federal Practice and Procedure:* Evidence § 5302 (1980).

**18.** *Ho v. Martin Marietta Corp.,* 845 F.2d 545 (5th Cir.1988).

documents entitled to First Amendment right of access was not clearly established.[19] In Utah the practice of keeping governmental settlements confidential had gone unchallenged in court until the current litigation.[20]

This status in the law, though not in and of itself a special circumstance, contributed to the situation defendants found themselves in after they had agreed in good faith to a confidential settlement which put to rest pending litigation.[21] The parties had contractually bound themselves to keep the settlement agreement confidential without knowledge or notice of plaintiff's desire to be apprised of the potential settlement.[22] By the time plaintiff asserted its claim, defendants were powerless to provide the remedy requested without breaching the settlement contract, with resultant substantial damages.[23] This case does not represent the typical civil rights case, such as claims by members of racial minorities. Plaintiff is not the victim of invidious discrimination based on race, sex, religion, wealth, or other inherently offensive criteria about which Congress was concerned in enacting § 1988.[24]

Based upon all of the above, this court considers that special circumstances exist in this case which render the award of attorneys fees to plaintiff unjust. Accordingly, the court awards no attorneys fees in this case. Costs are awarded to plaintiff, to be taxed by the Clerk of the Court.

IT IS SO ORDERED.

19. Unlike this case, where it took this lawsuit and the umbrella of a court order to establish the principle that confidential agreements by public officials may not be enforceable, in *Love v. Mayor of Cheyenne, Wyo.,* the plaintiff "prevailed under well-settled first amendment principles," 620 F.2d 235, 237 (10th Cir.1980).

20. Three prior undisclosed settlements made by a public entity in 1987 had been "high profile cases." *See* Salt Lake Tribune, Aug. 9, 1987, at B–1, col. 1. This article, written by a member of the plaintiff organization, quotes Chief Deputy Utah Attorney General Paul Tinker as saying "[t]here are times when keeping confidential the terms of litigation is done to protect both sides. Our office does it from time to time, and I think it is proper." *Id.* The attorney for the plaintiff association was quoted as saying "the matter [of undisclosed settlements] is going to be a continuing one until the issue is resolved in court," and the head of the plaintiff association said, "we have decided [the lawsuit to challenge the Beckstead–Daggett County agreement] is a good test case to challenge the decision of public officials to keep secret settlements they make." *Id.*

21. Plaintiff in the litigation which gave rise to the instant action affirmed that "the litigation would [not] have been terminated unless the parties had the option to enter into a confidential settlement of their claims against each other." Affidavit of Marie Beckstead, ¶ 7 (Nov. 2, 1987).

22. *See Joseph L.,* 638 F.Supp. at 836–37 (E.D.Pa. 1986) (fact that plaintiff "brought his problems on himself" by moving without providing a forwarding address and without paying his taxes, along with defendant's good faith and lack of power to prevent the violation, were special circumstances warranting the denial of counsel fees) and *Naprstek,* 433 F.Supp. at 1371 (N.D.N.Y.1977) (wherein the court, in adhering to its decision to deny an award of fees, stated it did not think "Congress intended to reward attorneys for burdening federal courts with unnecessary litigation when they have not even attempted to remedy their client's grievances by talking out the differences with duly constituted executive and legislative authorities at the local level.") Although plaintiff was familiar with the practice of undisclosed settlements entered into by public entities to terminate litigation, it made no attempt to prevent the practice or to remedy the grievance in this case without resorting to litigation, even though a member of the State Records Committee, State Auditor Tom Allen, agreed with plaintiff's position on the matter of undisclosed settlement agreements. Salt Lake Tribune, Aug. 9, 1987, at B–1, col. 1.

23. Liquidated damages for breach of the confidentiality requirement was $25,000.00. Settlement Agreement ¶ 9.

24. *See Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir.1977); S.Rep. No. 94–1011, 94th Long. 2d Sess. 5, *reprinted in* [1976] U.S.Code Cong. & Admin.News, p. 5908, 122 Cong.Rec. ¶ 1705 (daily ed. Sept. 29, 1976) (remarks of Sen. Kennedy). *See also Sprogis v. United Air Lines, Inc.,* 517 F.2d 387, 391 (7th Cir.1975) (special circumstances warranting denial of counsel fees were found where the plaintiff was not a real party in interest, in addition to the fact that the case was not the typical civil rights claim envisioned by Congress. In that case the discriminatory policy was the airline's no-marriage rule).