**R. Val COOPER, individually and on behalf of a class similarly situated, Plaintiff–Appellant,**

v.

**STATE OF UTAH, a governmental entity, et al., Defendants–Appellees.**

No. 88–2022.

United States Court of Appeals, Tenth Circuit.

Jan. 24, 1990.

Brian M. Barnard (C. Dane Nolan, with him on the brief), Utah Legal Clinic, Salt Lake City, Utah, for plaintiff-appellant.

L.A. Dever, Asst. Atty. Gen., State of Utah, Salt Lake City, Utah (David L. Wilkinson, Utah Atty. Gen., Salt Lake City, Utah, with him on the brief), for defendants-appellees.

Before SEYMOUR and BARRETT, Circuit Judges, and WEST, District Judge [*].

LEE R. WEST, District Judge.

This appeal arises from a dispute by the Plaintiff–Appellant on whether the District Court erred by reducing attorney fees which were awarded to the Plaintiff–Appellant pursuant to 42 U.S.C. § 1988. The District Court determined the reasonable attorney fees under the lodestar method, thereafter reducing the fees by half based on the ground of simplicity of issues and the fact that the Defendant–Appellees attempted to settle during the early stages of the case. We hold that the District Court erred in reducing the attorney fees, and REVERSE.

## I.

This action was brought under 42 U.S.C. § 1983 challenging Utah statutes which prohibited and voided marriages if the person seeking marriage was delinquent in a court ordered child support obligation from a prior marriage. The Plaintiff–Appellant had married under such circumstances and sought the validation of his marriage and the invalidation of the Utah statutes.

The trial court certified the action as a proper class action under Federal Rule of Civil Procedure 23. The trial court subsequently granted summary judgment in favor of Plaintiff–Appellant and the plaintiff class, nullifying the Utah statute and validating all marriages within the plaintiff class.

The Plaintiff–Appellant applied for attorney fees and costs under 42 U.S.C. § 1988.

By Memorandum Decision and Order, dated May 17, 1988, the trial court determined the lodestar figure to be $6,835.50. This determination was calculated by first determining the reasonable number of hours expended on the case, and multiplying those number of hours by an appropriate hourly rate based upon what lawyers of comparable skill and experience who practice in the same community and within the same area of expertise would charge. *Id.* at 4. Counsel for plaintiff excluded ten hours of work from the total number of hours on the case as excessive, redundant or otherwise unnecessary. Defendants objected to the amount of time submitted by the plaintiff's counsel, but failed to show that it was "unnecessary" or "excessive." *Id.* at n. 5 and 6. The trial court also reduced the proposed hourly rate of $175.00 for the experienced lawyer to $125.00 per hour, and reduced the assistant lawyer's hourly rate from a proposed $80.00 rate to $75.00 per hour. *Id.* at 4. The trial court then decreased the lodestar figure of $6,835.50 by half, awarding Plaintiff–Appellant $3,417.75 in fees. The trial court based its decision to reduce the fee on the following grounds:

"In this case, the same issue had been successfully litigated earlier in the Third Judicial District, County of Salt Lake. Thereafter, virtually all of the arguments which were presented in support of plaintiff's motion for summary judgment had been extensively outlined in an article in the *Utah Law Review.* Also, defendants conceded the unconstitutionality of the statutes at issue and attempted to settle the case early on to avoid any increase in attorney fees. Accordingly, this court considers that the reasonable fee amount ought to be reduced by fifty percent. This court's determination of reduction is not based upon a precise formula but takes into account the facts and circumstances in the overall litigation." *Id.* at 5 and 6.

---

[*] Honorable Lee R. West, United States District Judge for the Western District of Oklahoma, sitting by designation.

Plaintiff–Appellant appealed the portion of the District Court's ruling which reduced the attorney fees by half.

## II.

Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation to ensure "effective access to the judicial process" for persons with civil rights grievances. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), *citing* H.R.Rep. No. 94–1558, p. 1 (1976). An award of fees under Section 1988 gives citizens access to the courts, and enables them to enforce the substantive provisions of the civil rights laws enacted by the United States Congress. By enacting Section 1988, Congress clearly intended to encourage private enforcement of the civil rights laws:

"All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.

In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it cost them to vindicate these rights in court." S.Rep. No. 94–1011, 94th Cong.2d Sess. (1976), reprinted in [1976] U.S.Code Cong. & Admin.News, p. 5908, 5910.

The lodestar amount which is the product of reasonable hours times a reasonable rate normally provides the reasonable attorney fees within the meaning of Section 1988. *Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee as contemplated by Section 1988. *Id.*

Certain factors have been held to be subsumed within the initial calculation of the lodestar amount. In *Blum*, the United States Supreme Court stated:

"The reasons offered by the District Court to support the upward adjustment do not withstand examination. The novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment in a fee based on the number of billable hours times reasonable hourly rates. There may be cases, of course, where the experience and special skill of the attorney will require the expenditure of fewer hours than counsel normally would be expected to spend on a particularly novel or complex issue. In those cases, the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates. Neither complexity nor novelty of the issues, therefore, is an appropriate factor in determining whether to increase the basic fee award." *Id.* at 899, 104 S.Ct. at 1549.[1]

■ Thus, complexity or novelty of issues has been subsumed under the lodestar calculation. A court may increase or reduce the presumptively reasonable lodestar fee with reference to factors not subsumed in the lodestar calculation. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988).

■ In *Hughes v. Repko*, 578 F.2d 483 (3d Cir.1978), the court stated:

---

1. *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 726–727, 107 S.Ct. 3078, 3087–3088, 97 L.Ed.2d 585 (1987) ("The reasons a particular lawsuit are considered to be 'risky' for an attorney are because of the novelty and difficulty of the issues presented, and because of the potential for protracted litigation.... These factors, however, are considered by the court in determining the reasonable number of hours expended and the reasonable hourly rate for the lodestar ...")

"The simplicity of the issues involved should be reflected in the court's determination of the hours reasonably devoted to the successful claims, a determination that must be made in arriving at the lodestar itself. Any other approach would penalize attorneys regardless of the number of hours reasonable devoted to successful claims." *Id.* at 487.[2]

We agree. Reducing the lodestar amount on the ground of non-novelty or simplicity of issues does not promote the policies underlying the enactment of Section 1988. Those policies tend to encourage vindication of civil rights violations by private enforcement of the civil rights laws. These policies may be better served by including the simplicity of issues in a court's determination of the hours reasonably devoted to the successful prosecution of the lawsuit. To do otherwise would indeed penalize the attorneys and consequently claimants who seek to vindicate themselves of civil rights violations, despite the simplicity of the violation. Reducing the lodestar amount because the issues are simple could lead to the incongruous result of attorneys being less likely to take cases where a person's civil rights have been obviously and clearly violated. *See Hughes v. Repko, supra,* at 491. (Judge Garth concurring: "To reduce the fee award in a case where there is a strong likelihood of success makes little sense. Such a reduction unfairly penalizes the attorney who is employed to prosecute a case where the constitutional or statutory violation is clear.")

■ In the case at bar, because the trial court had previously determined the reasonable number of hours, it was error to subsequently reduce the fees based on the simplicity of the issues. Additionally, we note that the court's downward adjustment of fees based on settlement negotiations is not well-founded. Rule 68 Fed.R.Civ.P.

provides a practical tool by which parties may protect against costs. Nothing in the record indicates that the Defendants–Appellees availed themselves of an offer of judgment pursuant to Rule 68.

Accordingly, we reverse the Memorandum Decision and Order of the District Court reducing the lodestar figure by half, and set the attorney's fee award at the lodestar amount of $6,835.50.

BARRETT, Senior Circuit Judge, concurring in part and dissenting in part:

I concur with the majority that it was error for the district court to reduce the lodestar figure based on the simplicity of the issues. The determination of the reasonableness of the lodestar fee necessarily includes weighing the complexity or simplicity of the issues. Instead of approaching the lodestar fee on that basis, the district court first fixed the lodestar at $6,835.50 and then reduced it to $3,417.75 because (a) the same issue had been previously fully litigated in a Utah state district court, with the same result, (b) many of the arguments advanced in this case were propounded in the state court summary judgment and a 1970 Utah law review article, and (c) the defendants conceded the unconstitutionality of the statute.

Although I agree that the district court erred in the method used to arrive at the lodestar fee, I believe that the intentions of the district court are perfectly obvious in the record. Thus, instead of reversing and ordering that the district court set the award at the lodestar figure at $6,835.50, I would remand for further proceedings consistent with our opinion on the calculation of the lodestar figure.

Accordingly, I must dissent from the majority's order reversing the district court

---

**2.** Modified on other grounds in *Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177, 181 (3d Cir.1983), where court modifies *Hughes* to the extent that it tends to exclude all hours attributable to unsuccessful claims and fails to investigate the interrelatedness among successful and unsuccessful claims; declined to be fol-

lowed on other grounds in *May v. Cooperman,* 582 F.Supp. 1458, 1463 (D.N.J.1984), appeal dismissed as to attorney fees 780 F.2d 240, where district court opined that *Hughes* no longer stated a law so far as the application of a multiplier is concerned.

and directing entry of the lodestar fee of $6,835.50.