**Luci PRINCE and Stephen Prince, Plaintiffs and Appellants,**

v.

**TOOELE COUNTY HOUSING AUTHORITY, Defendant and Appellee.**

**No. 910249–CA.**

Court of Appeals of Utah.

June 23, 1992.

---

Bruce M. Plenk, Salt Lake City, for plaintiffs and appellants.

John K. West and Alan K. Jeppesen, Tooele, for defendant and appellee.

Before GARFF, GREENWOOD and RUSSON, JJ.

## OPINION

GARFF, Judge:

Appellants Luci Prince and Stephen Prince appeal a denial of attorney fees in a civil rights action against appellee Tooele County Housing Authority (Housing Authority). We reverse.

## FACTS

Princes sued Housing Authority seeking damages pursuant to 42 U.S.C. § 1983 (1981), alleging Housing Authority violated federal law, violated their federal constitutional rights, and breached its contract with them because of the formula used to determine Princes' eligibility for subsidized housing. The circuit court awarded summary judgment to Princes, who then sought attorney fees pursuant to 42 U.S.C. § 1988 (1981).

The court denied an award of attorney fees, concluding that "the award of attorney's fees under section 1988 is discretionary with the Court." The court found an award of attorney fees would (1) work a hardship against Housing Authority and the indigent people it represents; (2) provide a windfall to Princes because Utah Legal Services had represented them at no cost; and (3) provide a windfall to Utah Legal Services because it is "already funded for the purpose of providing legal services to indigent persons."

Princes appeal the court's denial of attorney fees claiming the court abused its discretion because it did not apply the correct standard in determining whether to award fees.

## ATTORNEY FEES UNDER SECTION 1988

■ The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides that "the court, in its discretion, may allow the prevailing party, other than the

United States, a reasonable attorney's fee as part of the costs." Settled federal law defines this discretion to mean that the prevailing party in a civil rights action is ordinarily entitled to attorney fees unless special circumstances render an award unjust. *Blanchard v. Bergeron*, 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) and *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)). We recognized this principle in *Lorenc v. Call*, 789 P.2d 46 (Utah App.1990), where we reversed a denial of attorney fees, concluding there was "no special circumstance which would mandate a denial of fees." *Id.* at 51.

Thus, to determine whether attorney fees are due, we determine whether Princes prevailed, and if so, whether special circumstances would render an award unjust.

## PREVAILING PARTY

■ Housing Authority argues that Princes prevailed on a non-civil rights claim and did not prevail under section 1983, and therefore the court correctly denied attorney fees.

In *Lorenc v. Call*, 789 P.2d 46 (Utah App.1990), we reversed a denial of attorney fees when the case was resolved on nonconstitutional grounds, noting that the "United States Supreme Court has consistently held that a plaintiff is generally entitled to an award of attorney fees under section 1988 if the plaintiff prevails on a statutory, non-civil-rights claim which is pendent to a substantial constitutional claim and which arises from a 'common nucleus of operative fact.'" *Id.* at 50 (citing *Smith v. Robinson*, 468 U.S. 992, 1005, 104 S.Ct. 3457, 3464, 82 L.Ed.2d 746 (1984) and *Maher v. Gagne*, 448 U.S. 122, 133 n. 15, 100 S.Ct. 2570, 2575–76 n. 15, 65 L.Ed.2d 653 (1980)). In *Maher*, the United States Supreme Court noted that an award of fees in a wholly statutory, non-civil rights claim pendent to a substantial constitutional claim "furthers the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the longstand-

ing judicial policy of avoiding unnecessary decision of important constitutional issues." *Maher*, 448 U.S. at 135, 100 S.Ct. at 2577 (quoting *Gagne v. Maher*, 594 F.2d 336, 342 (2nd Cir.1979)).

While the court in the instant case did not conclude that Princes prevailed on section 1983 grounds, it did conclude that Princes prevailed in that Housing Authority "improperly terminated [Prince's] eligibility for the Section 8 Housing Assistance Payment Program in violation of federal statute and HUD regulations, 24 C.F.R. § 882.212." Moreover, the court implicitly concluded that Princes prevailed for purposes of section 1988 because the court applied section 1988 when it analyzed the issue of attorney fees.

In finding that Housing Authority violated a federal statute, the court in essence held that Princes prevailed "on a statutory, non-civil-rights claim which is pendent to a substantial constitutional claim and which arises from a 'common nucleus of operative fact.'" *Lorenc*, 789 P.2d at 50 (citing *Smith*, 468 U.S. at 1005, 104 S.Ct. at 3464 and *Maher v. Gagne*, 448 U.S. at 133 n. 15, 100 S.Ct. at 2575–76 n. 15 (1980)). We thus conclude that the court correctly determined that Princes prevailed for the purposes of section 1988.

## SPECIAL CIRCUMSTANCES

■ We next consider whether the court was within its discretion in determining that special circumstances warranted a denial of attorney fees.

A court's discretion in denying attorney fees to prevailing parties is narrow. *Society of Professional Journalists v. Briggs*, 687 F.Supp. 1521, 1523 (D.Utah 1988) (citations omitted). Specifically, in determining whether special circumstances exist, "such things as the defendant's good faith, private benefit to plaintiff rather than public benefit to a class, simple or routine character of the litigation, and mere uncertainty in the law" in and of themselves do not wholly defeat a fee award. *Id.* (citation omitted). Nor are "the prevailing party's ability to pay attorney fees, nor the losing party's financial ability, or inability, to pay fees" considered special circumstances. *Id.* at 1523–24 (citations omitted). Rather,

when considering whether special circumstances exist, a court must focus on " 'the justice under the total range of circumstances of conferring the benefit and imposing the concomitant burden represented by the fee award.' " *Id.* at 1523 (quoting *Bonnes v. Long,* 599 F.2d 1316, 1319 (4th Cir.1979)).

Here, the fact that an award of attorney fees might be a hardship on Housing Authority and its clients is not a special circumstance justifying a denial of attorney fees. *Id.* at 1523–24; *accord, Inmates of Allegheny County Jail v. Pierce,* 716 F.2d 177, 180 (3rd Cir.1983); *Entertainment Concepts, Inc. III v. Maciejewski,* 631 F.2d 497, 507 (7th Cir.1980), *cert. denied,* 450 U.S. 919, 101 S.Ct. 1366, 67 L.Ed.2d 346 (1981); *NAACP, Frederick County Chapter v. Thompson,* 671 F.Supp. 1051, 1054 (D.Md.1987).

Nor does the fact that an award would provide a windfall to Princes because they were represented at no cost constitute a special circumstance. *Blanchard,* 489 U.S. at 94–95, 109 S.Ct. at 944–46; *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984); *Pierce,* 716 F.2d at 180.

Finally, the fact that an award might provide a windfall to Utah Legal Services does not constitute a special circumstance. *Blanchard,* 489 U.S. at 96, 109 S.Ct. at 946; *Pierce,* 716 F.2d at 180.

We conclude that the court's findings regarding Housing Authority's ability to pay and the potential windfall of an award to Princes or to Utah Legal Services do not constitute special circumstances warranting a denial of attorney fees. Because the court failed to find special circumstances justifying denial of attorney fees pursuant to the case law cited above, we reverse the denial of attorney fees and remand for the court to determine and award a reasonable attorney fee.

GREENWOOD and RUSSON, JJ., concur.