104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael ANDERSON; Melinda Anderson; Curtis Allen; Joyce
Allen; Greg Boydston; Mellissa Boyston; Rhonda Davenport;
Lois Dodson; Steven Harry; Holly Harry; Rhonda Kindt;
Dave Leslie; Donnell Leslie; Janice Mille, Plaintiffs-Appellees,
v.
Frances Rose Michael; Neil Shifberg, Trustees; Ann
Shifberg Living Trust, dba Meadow View Townhouses,
Defendants-Appellants.
 No. 95-35665.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Dec. 20, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants/appellants Frances Rose Michael and Neil Shifberg, Trustees of the Ann Shifberg Living Trust ("Defendants"), appeal the district court's award of attorneys' fees to Michael Anderson and others ("Plaintiffs") pursuant to the parties' settlement of Plaintiffs' claim under the Fair Housing Act, 42 U.S.C. §§ 3601-31. Defendants contest the reasonableness of the amount of the fee award in light of Plaintiffs' refusal to participate in early settlement conferences requested by Defendants. We affirm.
 
 
 3
 We need not set forth the facts because the parties are familiar with them.
 
 ANALYSIS
 
 4
 The Fair Housing Act allows a district judge to award costs and reasonable attorneys' fees to a prevailing party. 42 U.S.C. § 3613(c)(2) (1994). We review for abuse of discretion a district court's award of attorneys' fees. Morales v. San Rafael, 96 F.3d 359, 362 (9th Cir.1996).
 
 
 5
 Defendants argue only that the district court abused its discretion by failing to reduce Plaintiffs' fee award in light of Plaintiffs' refusal to participate in settlement conferences requested by Defendants.
 
 
 6
 We conclude that there was no abuse of discretion. The district judge was not obligated to adjust Plaintiffs' fee award downward simply because Plaintiffs did not participate in Defendants' attempts to settle the case earlier. See Cooper v. State of Utah, 894 F.2d 1169, 1170 (10th Cir.1990). The offers made by Defendants as part of their attempts at early settlement were well below the amount eventually recovered. Plaintiffs were under no duty to enter settlement discussions at the times first proposed by Defendants. Their fees were not rendered unreasonable or excessive merely by reason of their failure to respond positively to Defendants' early overtures. No other challenge to the award having been raised, we affirm the district court's order.
 
 
 7
 Plaintiffs seek attorneys' fees for this appeal. We regularly award reasonable attorneys' fees to a party who successfully litigates a fee application unless there are "special circumstances." Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir.1988), cert. denied, 493 U.S. 1035 (1990). This case presents no special circumstance. We therefore grant Plaintiffs' request for attorneys' fees on appeal. See Fed.R.App.P. 39(d). Plaintiffs shall submit their fee request pursuant to 9th Cir.R. 39-1.6.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3