Audrey Lynne ATHAY, Plaintiff and Respondent,

v.

STATE of Utah, DEPARTMENT OF BUSINESS REGULATION, REGISTRATION DIVISION, et al., Defendants and Appellants.

No. 16504.

Supreme Court of Utah.

Feb. 19, 1981.

Robert B. Hansen, Atty. Gen., Leon A. Halgren, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

David K. Robinson, Salt Lake City, for plaintiff and respondent.

SWAN, District Judge:

Defendants appeal from a memorandum decision of the trial court which found that Section 58–25–2, U.C.A., 1953, had been unconstitutionally applied by the defendants and ordered that the plaintiff be seated for the subsequent psychological examination. Defendants seek to have the decision of the trial court reversed, or in the alternative: (1) a dismissal of the action for further administrative review as provided in Section 58–1–32 and Section 58–1–35.1, U.C.A., 1953; or (2) a remand to the trial court for a full hearing on the merits.

Audrey Lynne Athay, the plaintiff and respondent herein, applied to the Utah Department of Business Regulation to be seated for the forthcoming psychologist examination. This examination is one of the requirements that must be met in the State of Utah to receive a certificate to practice as a psychologist. On April 27, 1977, the Director of the Department of Registration, one of the defendants herein, wrote the plaintiff and advised her that the representative committee for the psychology profession refused to seat the respondent until she had taken two additional courses on a graduate level in basic psychology. Defendants contend that in this decision the committee, sometimes referred to as "the Board," was acting pursuant to Section 58–25–2(2),

U.C.A., 1953, which requires that every applicant must:

> (2) Have received a doctorate degree based on a program of studies whose content was *primarily psychological* from an accredited educational institution recognized by the Department of Registration.

Acting on the report of the committee, the Department of Registration refused to allow the plaintiff to be seated for the examination, pursuant to Section 58–1–13(3), U.C.A., 1953, because her program of studies was not deemed to be "primarily psychological." Subsequent review by the Director supported the prior decision of the committee and the refusal to allow the plaintiff to be seated was affirmed.

On June 13, 1977, the plaintiff filed a complaint in the Third Judicial District Court for Salt Lake County, alleging among other things that Section 58–25–2(2), U.C.A., 1953, was unconstitutionally vague and ambiguous, and was unconstitutionally applied.

On February 8, 1979, the plaintiff moved in said court for a "declaratory judgment" on the previously filed action. In a memorandum opinion dated April 6, 1979, the trial court granted plaintiff's request and found that Section 58–25–2(2) as applied to the plaintiff was an "arbitrary administrative usurpation of the legislative function" and deprived respondent "of her rights of due process of law."

The following part of the trial court's decision is relevant to this appeal:

> Section 58–25–2 U.C.A. (1953) sets forth the requirements of all applicants for certification as practicing psychologists. Subparagraph (2) requires that applicants must "have received a doctorate degree based on a program of studies whose content was primarily psychological from an accredited educational institution recoganized [sic] by the department of registration." The plaintiff here has a Ph.D. degree from the Universtiy [sic] of Utah. Her area of specilization [sic] is designated on her transcripts from that institution as "Educational Psychology". After a review of her course transcripts, the Psychology Examining Committee determined that her curriculum had not been "primarily psychological" in content and denied her permission to sit for the qualifying examination. *No rules, regulations, guidelines, or description of any kind relating to the type of courses which would be considered by the Committee to be "primarily psychological" within the meaning of the statute had, at that time, ever been adopted, published or communicated by the Committee or any of the defendants to the plaintiff, applicants in general, the public, or the University of Utah, although it appears that such definitions have been recently promulgated.* Thus, no objective, identifiable standard existed against which the plaintiff's qualifications could be judged by her or anyone else, including the defendants. The very circumstance that this Court is now being asked by defendants to determine as a matter of fact that plaintiff's curriculum was not primarily psychological in content illustrates the vague and ambiguous nature of the statute when applied in the absence of uniform, published, identifiable and objective standards. Plaintiff is here being deprived of an opportunity to qualify by examination as a licensed practitioner in her chosen occupation, and thus to earn her living, on the basis of standards which were not known and could not have been known by her or by the University and the Department which awarded her a Ph.D. in a field of specialization designated as "Educational Psychology". This result offends basic notions of due process.

> \* \* \* \* \* \*

> When applied in conjunction with ascertainable, published standards, promulgated pursuant to the Utah Administrative Rule Making Act, this statute is not unconstitutional in the view of this Court. *However, the attempt to enforce the broad language of the statute with no such standards is an arbitrary administrative usurpation of the legislative function.*

The Court therefore determines that § 58–25–2 has been applied in an unconstitutional manner to plaintiff, and further that the failure of defendant to use an ascertainable, published standard to assess her qualification to be examined deprived plaintiff of her rights of due process of law. Plaintiff should be seated by the committee to take the qualifying examination. [Emphasis added.]

The defendants urge on appeal that plaintiff did not exhaust her administrative remedies, which she could have pursued under 58–1–32 allowing for a request for a full hearing, and 58–1–35, by appealing to the Director who could have called an "appeal" board to hear the matter. The plaintiff contends that this issue was never raised in the trial court, and cannot be raised for the first time on appeal. The record supports the plaintiff's position. The claim now made by appellants could have been raised in the answer to plaintiff's complaint, but no answer appears to have been filed. It could have been raised in defendants' motion to dismiss, but was not, the only grounds for that motion being the alleged failure to file in the district court within 30 days from the administrative ruling of the Director. No reference to the claim was made in any of the affidavits filed by appellants, and the claim cannot be raised now.

The defendants' further points on appeal deal with the claim that the trial court's judgment went beyond the scope of review, that "arbitrariness" can only be determined after a full hearing in the trial court, and that the failure to establish guidelines is not an unconstitutional usurpation of legislative power. Defendants complain that the trial court's decision was "based only on affidavits, pleadings and one memorandum," that filed by the plaintiff. A review of the record, however, shows that plaintiff engaged in extensive discovery proceedings, viz., plaintiff's first request for production of documents (8 with several sub-parts), plaintiff's first interrogatories and request for admissions (12 with numerous sub-parts) and plaintiff's second request for production of documents.

The pertinent responses and answers are:

REQUEST NO. 2. Admit that the Committee has not promulgated written guidelines for curricula it deems constitutes

"A program of studies where content was primarily psychological from an accredited institution recognized by the Department of Registration."

*RESPONSE*: It is admitted that the Committee has not promulgated written guidelines for curricula it deems constitutes

"A program of studies where content was primarily psychological from an accredited institution recognized by the Department of Registration."

\* \* \* \* \* \*

REQUEST NO. 6. Admit that neither the Committee nor the Department has published any document setting forth the criteria for course content which is "primarily psychological."

*RESPONSE*: It is admitted that neither the Committee nor the Department has published any document setting forth the criteria for course content which is "primarily psychological."

\* \* \* \* \* \*

INTERROGATORY NO. 3. What accredited institutions (see U.C.A. 58–25–2(2)) does the Department recognize?

*ANSWER*: At the present time no list of accredited institutions recognized by the Deparment [sic] is found in this office.

INTERROGATORY NO. 4. State in detail what courses of study and hours of study per course constitute a curriculum whose content is primarily psychological.

*ANSWER*: The files of the Department fail to reveal any information indicating what courses of study and hours of study per course constitute a curriculum whose content is primarily psychological.

\* \* \* \* \* \*

INTERROGATORY NO. 10. What investigation has the Committee undertaken or completed to establish the pa-

rameters for course content which is "primarily psychological."

*ANSWER:* At this time only an informal investigation has been made as indicated in rough draft of proposed rules and regulations of the Department.

 The legislative grant of authority to the administrative agency is necessarily in general language. It is the responsibility of the administrative body to formulate, publish and make available to concerned persons rules which are sufficiently definite and clear that persons of ordinary intelligence will be able to understand and abide by them.[1] The trial court's memorandum decision demonstrates its reliance on defendants' admissions as showing a violation of the principles just stated. The defendants filed no pleading that alleged a need for a further hearing, and filed no response to the plaintiff's memorandum in support of motion for declaratory judgment. A further hearing could have added nothing to alter the basis of the court's finding that the failure to establish guidelines for a curriculum or a criteria for course content which is "primarily psychological," constituted arbitrary action and deprived plaintiff of her rights of due process of law.[2]

The judgment of the trial court is affirmed.

MAUGHAN, C. J., and HALL, J., concur.

STEWART, J., having disqualified himself, does not participate herein; SWAN, District Judge, sat.

CROCKETT and WILKINS, JJ., do not participate herein.

1. See *Environmental Defense Fund, Inc. v. Ruckelshaus*, 439 F.2d 584 (D.C.Cir.1971); *Harnett v. Board of Zoning, Subdivision and Building Appeals*, 350 F.Supp. 1159, 1161 (D.St. Croix 1972).

2. See *Franklin v. Shields*, 569 F.2d 784, 792 (4th Cir. 1977); *Baker-Chaput v. Cammett*, 406 F.Supp. 1134 (D.N.H.1976); *Sun Ray Drive-In Dairy, Inc. v. Oregon Liquor Control Comm.*, 16 Or.App. 63, 517 P.2d 289 (1973), appeal after remand, 20 Or.App. 91, 530 P.2d 887 (1975); see also, *White v. Roughton*, 530 F.2d 750, 754 (7th Cir. 1976); *Holmes v. New York City Housing Authority*, 398 F.2d 262, 265 (2nd Cir. 1968); *Hornsby v. Allen*, 326 F.2d 605, 610 (5th Cir. 1964); 2 K. Davis, Administrative Law Treatise, pp. 128–140, Sec. 7:26, (2d ed. 1979).