Argued and submitted May 1, 1987, reversed and remanded February 24, 1988

LOFFT,
*Appellant,*

*v.*

STATE BOARD OF HIGHER EDUCATION,
*Respondent.*

(16-85-00684; CA A40701)

750 P2d 515

Robert L. Ackerman, Springfield, argued the cause for appellant. With him on the briefs was Ackerman, DeWenter & Huntsberger, P.C., Springfield.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff, a former employe of defendant, brought this action under the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, and 42 USC § 1983. He alleged that defendant violated his civil rights when it terminated his employment; he sought reinstatement, back pay and, under 42 USC § 1988, attorney fees. The trial court ruled that, in addition to the civil rights violation claim, plaintiff's complaint stated a cause of action for breach of contract and held that defendant breached plaintiff's employment contract when it discharged him without giving him one year's notice that the contract would not be renewed.[1] It awarded him six months' back pay on that ground, without deciding whether the failure to notify him of his termination also violated his civil rights.

The issue on appeal is whether the trial court erred in denying plaintiff's request for attorney fees. Defendant contends that the trial court did not err, because (1) plaintiff's claim was brought under OTCA, which does not expressly authorize an award of attorney fees, (2) plaintiff did not "prevail" on his section 1983 claim and (3), even if it was within the trial court's discretion to award attorney fees, the judge properly denied them. We reverse and remand.

42 USC § 1988 provides:

> "In any action or proceeding to enforce a provision of [42 USC §§ 1981-1986] * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs."

Section 1988 gives both federal and state courts broad authority to award attorney fees to plaintiffs who seek to vindicate federal constitutional and statutory rights. *Smith v. Robinson,* 468 US 992, 1006, 104 S Ct 3457, 82 L Ed 2d 746 (1984); *Maine v. Thiboutot,* 448 US 1, 9-11, 100 S Ct 2502, 65 L Ed 2d 555 (1980). The statute was intended to give an incentive to plaintiffs to assert federally protected rights. *Maher v. Gagne,* 448 US 122, 133, 100 S Ct 2570, 65 L Ed 2d 653 (1980).

In *Rogers v. Saylor,* 88 Or App 480, 746 P2d 718

---

[1] Neither party assigns this procedure by the trial judge as error. Therefore, we must deem the contract claim to have been properly tried with the parties' consent. ORCP 23B.

(1987), we answered defendant's claim that OTCA bars attorney fees in state court actions brought under § 1983:

> "The right to attorney fees under [42 USC] Section 1988 is regarded by the United States Supreme Court as 'an integral part of the remedies necessary to obtain' compliance with section 1983 [citing *Maine v. Thiboutot*, 448 US 1, 11, 100 S Ct 2502, 65 L Ed 2d 555 (1980)]. * * * Section 1988 expressly provides for attorney fee awards in section 1983 actions. Although there would be no basis for an award of fees under Oregon law, the express language of section 1988 is preemptive." 88 Or App at 484.

*See also Kay v. David Douglas Sch. Dist. No. 40,* 79 Or App 384, 395, 719 P2d 875, *reversed on other grounds* 303 Or 574, 738 P2d 1389 (1987), *cert den* ___ US ___ (1988).

■    Defendant contends, nevertheless, that the trial court had no discretion to award attorney fees pursuant to § 1988, because plaintiff did not "prevail" on his section 1983 claim. The United States Supreme Court has stated:

> "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 US 424, 433, 103 S Ct 1933, 76 L Ed 2d 40 (1983).

Plaintiff was awarded six months' back wages to compensate him for receiving only six months' notice of termination instead of the one year notice required by his contract. Plaintiff is clearly a prevailing party.

■    The next question is whether a court must reach a plaintiff's section 1983 claim in order to award him attorney fees under section 1988. The courts have said that, if fee awards were available only when a court had passed favorably on a party's section 1983 claim, the Congressional policy of encouraging private enforcement of civil rights would contradict the judicial policy of avoiding decisions on constitutional claims. In a case where a party brings both a federal civil rights claim and a state law claim, and the court reaches only the state law claim, Congress intended that fees would be awarded under section 1988 if (1) the civil rights claim is substantial and (2) the federal and the state law claims arise out of a common nucleus of operative fact. *Maher v. Gagne, supra,* 448 US at 132 n 15.

This case raises a federal civil rights issue, namely, whether defendant's failure to give plaintiff timely notice of his termination was a denial of due process. The court below sought to avoid ruling on that issue, resolving the claim on the alternative theory of state contract law.

A claim is substantial unless "it is obviously without merit or * * * its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Hagans v. Lavine,* 415 US 528, 537, 94 S Ct 1372, 39 L Ed 2d 577 (1974); *see also Maher v. Gagne, supra,* 448 US at 132 n 15. That standard is extremely generous to plaintiffs. *See Hagans v. Lavine, supra,* 415 US at 564 (Rehnquist, J., dissenting). The failure to give timely notice before termination under similar circumstances has been held to be a denial of due process. *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 176-7, 511 P2d 854, *rev den* (1973), *cert den* 417 US 919 (1974). Plaintiff's claim here meets the substantiality test.

The next issue is whether the civil rights and state law claims contain a common nucleus of operative facts. Also, the claim for which fees are awarded must be "reasonably related to the plaintiff's ultimate success." *Smith v. Robinson, supra,* 468 US at 1007. The trial court held that the state law contract claim was within plaintiff's complaint, which alleged, among other things, that defendant had wrongfully terminated plaintiff's employment without the notice required by his contract and without giving him due process. Both claims were based in large part on the notice provisions of plaintiff's contract of employment. Both claims clearly had a common nucleus of operative facts, and the claim for which fees were awarded was reasonably related to plaintiff's ultimate success. In short, plaintiff has prevailed on a state law claim that was "factually identical to [his] federal civil rights claim, justifying an award of attorney fees under section 1988." *Kay v. David Douglas Sch. Dist. No. 40, supra,* 79 Or App at 394.[2]

---

[2] Our holding in *Kay* is not controlling precedent, because the Supreme Court concluded on review that the controversy was moot. However, we believe that our holding and our reasoning in *Kay* were correct, and we adhere to them as we did in *Rogers v. Saylor, supra.*

This case is unlike *Roberts v. Mills,* 291 Or 21, 628 P2d 714 (1981), in which the

The final inquiry is whether the trial court properly exercised its discretion in denying attorney fees to plaintiff. Discretion to deny fees under section 1988 is extremely limited. It is the intent of Congress that successful plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart, supra,* 461 US at 429 (quoting S. Rep. No. 1011, 94th Cong, 2d Sess 4 (1976)). Defendant claims that such special circumstances are present here, because the relationship of the contract claim to the section 1983 claim was "too attenuated" and that settlement negotiations were unsuccessful due to recalcitrance on the part of plaintiff. The first contention is more properly addressed to the question of whether there was a common nucleus of operative fact, which we have resolved in plaintiff's favor.[3] The second contention is disputed by plaintiff, who contends that settlement negotiations failed because defendant refused to make any counteroffers. Even if defendant's allegations are true, they do not constitute special circumstances. *See Kirchberg v. Feenstra,* 708 F2d 991, 998-999 (5th Cir 1983); *Riddell v. National Democratic Party,* 624 F2d 539, 543-546 (5th Cir 1980). Because there are no special circumstances here making an award of attorney's fees unjust, the trial court abused its discretion in denying fees to plaintiff.

Reversed and remanded for proceedings not inconsistent with this opinion.

---

Supreme Court declined to award attorney fees under section 1988 in an original *habeas corpus* proceeding brought under state law. The petition included only a "bare reference" to section 1983, and the claim was "superfluous." 291 Or at 24. Also, the Oregon *habeas corpus* statute was "a traditional remedy for the release of a party restrained in violation of his civil rights," not a remedy for the civil rights violations themselves. *See Wilson v. Garcia,* 471 US 261, 271-2, 105 S Ct 1938, 85 L Ed 2d 254 (1985) (section 1983 remedy "can have no precise counterpart in state law"). Finally, the party seeking fees had access to a court-appointed attorney in the underlying action. 291 Or at 24. In this case, however, the claim was brought primarily to obtain a remedy for civil rights violations, and there was no right to a court-appointed attorney. Moreover, the *Roberts* court distinguished the facts of that case from one where "federal jurisdiction was based on section 1983 but the case was decided on a pendant state claim." 291 Or at 25 n 3. This case is similar to the kind of case distinguished in *Roberts.*

[3] Of course, plaintiff is not entitled to fees for unrelated claims on which he was not successful, and the fee award should reflect the results obtained. *Hensley v. Eckerhart, supra,* 461 US at 434-436.