Argued and submitted November 18, affirmed on appeal and on cross-appeal December 21, 1988, reconsideration denied February 24, petition for review allowed April 4, 1989 (307 Or 611)

## OREGON STATE POLICE OFFICERS ASSOCIATION, INC., et al,
*Respondents - Cross-Appellants,*

*v.*

## STATE OF OREGON et al,
*Appellants - Cross-Respondents.*

(A8508-05041; CA A46148)

766 P2d 408

Timothy A. Sylwester, Assistant Attorney General, Salem,

argued the cause for appellants - cross-respondents. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James A. Coon, Portland, argued the cause for respondents - cross-appellants. With him on the briefs was Imperati, Barnett, Sherwood & Coon, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs are the Oregon State Police Officers Association and Stephen Beck, its president. The association is the bargaining representative for non-supervisory police officers employed by defendant Department of State Police. Plaintiffs brought this action for declaratory and injunctive relief against the state, the department and Brandaw, its superintendent, contending that ORS 181.400(2) violates Article I, sections 8 and 20, of the state constitution, the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The challenged statute provides, as material, that

> "no member of the state police shall in any way be active or participate in any political contest of any general or special election, except to cast the ballot of the member of the state police."

Approximately a year and a half after the action was commenced, and approximately two months before it was tried, the superintendent issued guidelines purporting to define what political activities ORS 181.400(2) permits state police officers to undertake. Although the guidelines are substantially less restrictive than the statute,[1] they permit less off-the-job political activity by state police officers than ORS 260.432 allows by other public employes. After the guidelines were promulgated, plaintiffs amended the complaint to challenge their constitutionality as well as the statute.

The trial court ruled in plaintiffs' favor on three of their eight claims, holding that the statute and guidelines are overbroad, and therefore violate Article I, section 8, and the First Amendment, and that they deny equal protection to plaintiffs and the association's members by imposing greater limitations on their political activity than the restrictions which apply to other public employes and, in particular, other law enforcement officers. The trial court also awarded attorney fees to plaintiffs pursuant to 42 USC § 1988 in connection with their federal claims. Defendants appeal, and plaintiffs cross-appeal. We affirm.

---

[1] The trial court noted that the guidelines are inconsistent with the statute. That question is not directly before us in this case.

■    Defendants argue first that the action does not present a justiciable controversy:

"No officer in the Oregon State Police is being disciplined, or is in threat of discipline, for having engaged in political activity. Plaintiffs' suit is thus a constitutional attack on the face of ORS 181.400(2) and the implementing regulations, and does not involve a complaint as to the constitutionality of the application of the statute and regulations to any past conduct by any officer. Because the statute is not self-executing and the superintendent's disciplinary guidelines have specifically interpreted the statute to proscribe only a few well-defined types of political activity, there is a present justiciable controversy, if at all, only as to the constitutionality of the current guidelines and not as to the face of the statute. Moreover, because no officer has been or is being disciplined for violating the guidelines, there is no specific threat by defendants that any particular officer will be disciplined if he engages in any particular contemplated conduct, and there is an adequate administrative procedure available to challenge the validity of the guidelines in the event any officer is ever disciplined for violat[ing] the guidelines[.] [T]here is no present justiciable controversy as to the constitutionality of the guidelines. Plaintiffs cannot state a justiciable controversy warranting judicial intervention to address and resolve the constitutionality of the statute and the implementing guidelines unless and until the superintendent applies or threatens to apply them to particular conduct by an officer."

The focus of that argument is miscast. The controversy which plaintiffs present has little if anything to do with discipline or the risk of discipline. Their contention is that they and the association's members wish to engage in enumerated activities which, they assert, the statute and the guidelines prohibit them from doing. Stated otherwise, plaintiffs seek a determination of the meaning or validity of a statute which affects their rights by its very terms. *See* ORS 28.020. It is difficult to visualize a controversy which comes more squarely within the statutes governing declaratory relief than this one. *See Brown v. Oregon State Bar,* 293 Or 446, 648 P2d 1289 (1982).

■    The difficulty with defendants' argument goes beyond the justiciability issue and extends to the merits. Defendants presuppose that the superintendent's guidelines can have some vitality, independent of the statute, even if the

statute itself is invalid. The superintendent has the authority, *inter alia,* to "[m]ake rules and regulations for the discipline and control of the state police." ORS 181.280(2). However, even assuming that that authority could include an independent regulation of political activity, the guidelines here do not purport to be that. They state their purpose:

"Because the limitations imposed by [ORS 181.400(2)] might not be self-explanatory, the Department of State Police adopts the following guidelines to govern the interpretation and administration of ORS 181.400(2)."

The superintendent's promulgation is simply an interpretation of the statute. Although that interpretation arguably could serve as, or could assist us in devising, a narrowing construction by which the statute could survive plaintiffs' Article I, section 8, and First Amendment overbreadth challenges, we conclude that no narrowing construction is possible. The statute unambiguously provides that the franchise is the only political right which state police officers may exercise.

■    Plaintiffs do not argue that the statute violates Article I, section 8, as an impermissible regulation of speech or its content. They argue, rather, that ORS 181.400(2) is overbroad, because its restrictions on political expression exceed the "compelling governmental interest" that justifies any regulation. We agree generally with plaintiffs. The court said in *Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 723 P2d 298 (1986), *appeal dismissed* 480 US 942 (1987):

"[W]e have held that expression that could not constitutionally be prohibited outright may nevertheless be found incompatible with the performance of an official professional role. In *Burt v. Blumenauer,* 299 Or 55, 74, 699 P2d 168 (1985), we recognized that public advocacy of a vote for or against a disputed ballot measure, normally the essence of individual free speech, may under narrowly defined circumstances be incompatible with an individual's public duties. *In re Lasswell,* 296 Or 121, 673 P2d 855 (1983), held that a disciplinary rule prohibiting a prosecutor's extrajudicial comments on a pending trial is not an unconstitutional infringement of free speech if it is narrowly limited to actual incompatibility between the speech and the prosecutor's official function." 301 Or at 377-78. (Footnote omitted.)

*See also In Re Richmond,* 285 Or 469, 591 P2d 728 (1979); *see*

*also Koch v. City of Portland,* 94 Or App 484, 766 P2d 405 (1988).

ORS 181.400(2) is not narrowly limited in the way that *Cooper* and the cases that it cites require. Its restrictions are virtually plenary. We hold that the challenged part of the statute is facially inconsistent with Article I, section 8. In the light of that holding, we do not reach the other state or federal constitutional issues raised by the appeal or the cross-appeal.

Defendants also assign error to the award of attorney fees under 42 USC § 1988. We reject the assignment. *See Lofft v. State Board of Higher Ed.,* 89 Or App 614, 750 P2d 515 (1988).

Affirmed on appeal and on cross-appeal.